

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 25, 1972

Honorable James U. Cross
Executive Director
Parks and Wildlife Department
John H. Reagan Building
Austin, Texas   78701

Opinion No. M-1130

Re:   Validity of contract
       involving acquisition
       of Mustang Island by
       the State of Texas,
       obligations upon the
       present Commission and
       remedies available to
       seller in case of dis-
       honor by the State.

Dear Mr. Cross:

In your recent request for opinion of this office, you state that instruments constituting a contract were executed on behalf of the Texas Parks and Wildlife Department by former Executive Director J. R. Singleton and former Acting Executive Director, Robert G. Mauermann, with Mrs. Ada Rogers Wilson concerning the sale of her interest in Mustang Island to the State of Texas.   You ask the following questions:

1.   Is the contract valid?

2.   If the contract is determined to be valid, what are the contractual obligations of the present Commission?

3.   If the present Commission chooses not to honor the contract, what would be Mrs. Ada Rogers Wilson's remedy at law?

In answer to your first question you are advised that Article 978f-3a, Sec. 3, Vernon's Penal Code, provides in part that:

"The Parks and Wildlife Commission shall have power and authority to appoint an Executive Director who shall be the chief executive officer of the Parks and Wildlife Department and shall perform its administrative duties. . . ."

We are advised that there were in effect at the time of the execution of these contracts, resolutions of the Commission specifically authorizing the execution of land purchase contracts by the Executive Director.

From an examination of the instruments and the facts before this office, we hold that the contract is valid and duly authorized at least by a majority of the members of the Commission at the time of its execution and it is currently valid and legally binding as an obligation of the State of Texas. They appear to be for a lawful purpose and are in acceptable form. In our opinion, nothing has happended to change the legal status of the contract since its execution.

In answer to your second question, wherein you ask what are the contractual obligations of the present Commission, you are advised that the contractual obligations of the present Commission are the same as those of the Commission that authorized the execution of the contracts, which duty and obligation is to carry out the terms and conditions of the contract. All instruments in this connection which were duly executed and valid are still binding upon the state, including the voucher previously submitted to the Comptroller of Public Accounts. Although the membership of the commission has changed and its number has been increased, it nevertheless remains the same legal entity that authorized the execution of the contract. The new membership, however, is not required affirmatively to ratify the acts of an earlier commission.

It is possible that this second question is inquiring further than the above answer would indicate, and that you are asking what action must this present Commission take now. If this be the case, the answer would be, "None." The contracts were executed, the machinery for closing the transaction was initiated and the transaction would have long since been consummated had there not been an injunction issued by the Federal District Court for the Western District of Texas. This injunction has now been set aside by the Fifth Circuit United States Court of Civil Appeals. There exists no present legal impediment to the closing of the transaction and

administratively the same should be so processed unless stopped by affirmative action of a majority of the Commission. The rights and responsibilities of a state under a contract are generally the same as those of individuals and the obligations arising are binding on the state. 52 Tex. Jur. 2d 740, State of Texas, Sec. 31; 81 C.J.S. 1122, States, Sec. 25; 49 Am. Jur. 285, States, etc., Sec. 74, and many cited cases therein.

In answer to your hypothetical third question concerning the seller's remedy at law in the event the Commission chooses not to honor the contract, you are advised that this office will presume that the present commission will honor its valid contractual obligations and perform its legal duties. For this office to set forth the various legal remedies of the seller, Mrs. Wilson, in the event the Commission breaches its contractual obligations would be to render legal advise for the benefit of unauthorized private individuals and a violation of Article 4399, Vernon's Civil Statutes.

### SUMMARY

The contract involving the acquisition of Mustang Island by the State of Texas constitutes a valid, binding obligation of the State of Texas, and the contractual obligations of the present Commission are to carry out the terms and conditions thereof.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harold Kennedy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Houghton Brownlee
John Reeves
Linward Shivers
W. O. Shultz

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant